UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>BARRY GILTON,<br><br>    Defendant. | Case No. 13-cr-00764-WHO-3<br><br>**ORDER DENYING DEFENDANT BARRY GILTON'S MOTION TO SUPPRESS ITEMS SEIZED FROM 35 JENNINGS COURT AND THEIR FRUITS**<br><br>Re: Dkt. No. 582 |

Defendant Barry Gilton moves to suppress items seized from the search of his house at 35 Jennings Court on June 9, 2012 because the warrant on which the search relied lacks probable cause if improperly obtained cell site location information is not considered. I disagree, particularly in light of the detailed tip from an anonymous caller that was recounted in the warrant affidavit.[1] Moreover, defendant Lupe Mercado, Gilton's wife and cohabitant at 35 Jennings Court, was subject to a warrantless and suspicionless probation search condition. The search did not exceed Mercado's warrantless search condition even though, as Gilton argues, the police seized Gilton's safety deposit box keys and electronic items, including cell phone and computers. The motion to suppress is DENIED.

**THE SEARCH**

The search at 35 Jennings Court was based in part on a warrant obtained on June 6, 2012. The affidavit of Sgt. Gary Watts of the San Francisco Police Department ("SFPD"), which supports the warrant, describes the investigation of SFPD into the murder of Calvin Sneed early in the morning on June 4, 2012. It details what Gilton and Mercado's daughter, who witnessed the murder, told the police about the incident. It includes the highlights of a quite specific anonymous

---

[1] The section of the affidavit describing the tip is redacted, but counsel for Gilton indicated at the hearing on January 8, 2016 that he was aware of the substance from discovery in another case.

call about Gilton's and Mercado's roles in the murder. Sgt. Watts declared that he considered the anonymous caller to be a credible witness in light of the information the caller provided that had already been corroborated by the time Sgt. Watts sought the warrant. The affidavit also describes the interactions between SFPD and Gilton, culminating in Gilton's lawyer's notification that Gilton would not give any statement to the police. And it recites the fruits of the exigent request to T-Mobile (which I assume was improper for the purposes of this motion). The affidavit also recognizes that Mercado was on probation and had a search condition.

The warrant lists twelve categories of evidence to be seized, including a vast array of electronics, cell phones, and articles of personal property "tending to establish the identity of control of premises." SFPD executed the warrant on June 9, 2012 and seized a substantial amount of personal property, including computers, cell phones, and Gilton's safety deposit box keys.

## DISCUSSION

Gilton argues in his motion that (i) the warrant lacked probable cause because it included certain cell site location information obtained from the allegedly improper exigent request to T-Mobile, (ii) the warrant lacked particularity, and (iii) SFPD exceeded the scope of the warrant during the search. The motion ignores Mercado's search condition, on which the government also relies as a basis for the search. Gilton's reply contends that Mercado did not give third party consent to SFPD to allow a search of her husband's possessions, such as his safety deposit box keys, cell phones, computers, and other electronic items.

I start with the probation search. Mercado agreed to "submit to search and seizure of his/her person, place of residence or area under his/her control" without a search warrant and "without regard to probable cause." Taylor Decl., Exh. A, p.7. As the affidavit indicates, Sgt. Watts reasonably suspected that Mercado was driving the vehicle used in the Sneed murder. There is no dispute that she and Gilton lived together at 35 Jennings Court and that they were husband and wife. At a minimum, the police had reasonable suspicion to believe that the property seized from the residence was owned, controlled, or possessed by Mercado. *See United States v. Davis*, 932 F.2d 752, 758 (9th Cir. 1991) ("[P]olice must have reasonable suspicion[] that an item to be searched is owned, controlled, or possessed by [the] probationer, in order for the item to fall

2

within the permissible bounds of a probation search."); *accord United States v. Bolivar*, 670 F.3d 1091, 1093-96 (9th Cir. 2012).

Moreover, I find that the search warrant was supported by probable cause even assuming that the exigent request was improper. The question is whether the affidavit, purged of the allegedly illegally obtained cell site location information, still provided a substantial basis for concluding a search would uncover evidence of wrongdoing. *United States v. Grandstaff*, 813 F.2d 1353, 1355 (9th Cir. 1987). Although anonymous tips typically do not merit much weight, here the informant's tip revealed considerable detail regarding the Sneed murder as well as the source of the informant's knowledge. Combined with the other lawfully obtained information in the affidavit, the tip established a "reasonable nexus" between the shooting and the items sought under the search warrant. *United States v. Crews*, 502 F.3d 1130, 1136-37 (9th Cir. 2007) ("For probable cause, an affidavit must establish a reasonable nexus between the crime or evidence and the location to be searched.").

Gilton complains that the warrant was not particular enough. He asserts that seizure of the computer, which was specifically identified, was improper because Sgt. Watts's affidavit averred that computers often hold evidence relating to crimes but did not specify the particular evidence within this particular computer that might show evidence of a crime. It is true that Sgt. Watts did not identify what within the computer might show evidence of a crime. While the computer was seized on June 9, 2012, it was not searched until a federal warrant was obtained in April 2014. The only challenge Gilton makes to the federal warrant is that the computer should not have been seized in the first place. But I agree with the government that there was a sufficient basis to seize the computer on June 9, 2012.

Gilton also complains about the lack of specificity of the following language, used in two of the search categories: "articles of personal property . . . tending to establish the identity of control of premises . . . " The phrase, "tending to establish the identity of persons in control of the premises," is a term of art that has been approved in other cases. *See Ewing v. City of Stockton*, 588 F.3d 1218, 1229 (9th Cir. 2009) ("[T]his court has long upheld warrants containing such language."). The articles seized under the "identity of control of premises" categories fell within

the broad parameters allowed by that condition. In short, the warrant sought items that were reasonably linked to the crime that Sgt. Watts suspected Gilton and Mercado had committed. Sgt. Watts's affidavit is sufficient in this regard.

Finally, the Bible on the premises was subject to a search. Sgt. Braconi testified in a preliminary hearing that he initially searched the Bible to see if it was hollowed out and contained relevant material. In the course of that search he saw a page that had been dog-eared. He found a passage on that page that he thinks is significant. It was reasonable for Sgt. Braconi to check the Bible as a place to conceal evidence of criminal activity. There is nothing about that search that is inconsistent with either the warrant or Mercado's suspicionless search condition.

In short, Gilton's motion to suppress fails both because of Mercado's suspicionless search condition and because the warrant was supported by probable cause. The motion is DENIED.[2]

**IT IS SO ORDERED**.

Dated: February 17, 2016

WILLIAM H. ORRICK
United States District Judge

---

[2] Mercado's motion for joinder in this motion is GRANTED. *See* Dkt. No. 599.

4