UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>BARRY GILTON,<br>Defendant. | Case No. 13-cr-00764-WHO-1<br><br>**ORDER GRANTING MOTION FOR CONDITIONAL RULING ON MOTION FOR A NEW TRIAL UNDER FED.R.CRIM.P. 29(D)(1)**<br><br>Re: Dkt. No. 2382 |
|---|---|

Defendant Barry Gilton moves for a conditional ruling on motion for a new trial, properly pointing out that I failed to make a conditional ruling on his motion for a new trial under Fed. R. Crim. P. 29(d)(1) when I granted his motion for acquittal. The government opposes, pointing out that my Order On Barry Gilton and Lupe Mercado's Post-Trial Motions, Dkt. No. 2351 (the "Acquittal Order"), is already on appeal in the Ninth Circuit, and argues in any event that a new trial is not warranted under the reasoning in the Acquittal Order, let alone the evidence at trial.

I obviously erred in not making the conditional ruling when I entered the Acquittal Order—Fed. R. Crim. P. 29(d)(1) could not be more clear. It appears to me that the government is correct that I do not have jurisdiction now to rule on Gilton's motion, so I will treat that motion as a request for an indicative ruling under Fed. R. Crim P. 37(a). And I GRANT the motion.

A motion for a new trial may be granted "if the interest of justice so requires." Fed. R. Crim. P. 33(a). "The district court need not view the evidence in the light most favorable to the verdict; it may weigh the evidence and in so doing evaluate for itself the credibility of the witnesses." *United States v. Kellington*, 217 F.3d 1084, 1097 (9th Cir. 2000). As the government pointed out, the Order of Acquittal focused on the lack of sufficiency of the evidence that Gilton was a member of the Central Divisadero Playas (CDP) enterprise. But if the Ninth Circuit

disagrees with my analysis of that issue, in my view the evidence at trial of Gilton's membership in CDP was so lacking in comparison to the evidence that contradicted it, from Gilton's work in the community to his taking kids into his home so that they could escape gang life, that a serious miscarriage of justice may have occurred as a result of the jury's verdict. *See* Acquittal Order at 11 – 14. In that light, I would "set aside the verdict, grant a new trial, and submit the issues for determination by another jury." *United States v. Alston*, 974 F.2d 1206, 1211-12 (9th Cir. 1992).

Gilton argues that because I did not rule on the motion for new trial, I continue to have jurisdiction over it. If I had jurisdiction, I would grant the motion. But as *Kellington* points out, the purpose of requiring the conditional ruling in the first place is judicial economy: The Ninth Circuit should be able to consider both issues in a single consolidated appeal, not two different appeals. *See Kellington*, 217 F.3d at 1096. Gilton may notify the Ninth Circuit under Fed. R. Crim. P. 37(b) that I will grant the motion if it remands for that purpose. In the event the judgment of acquittal is later vacated or reversed, I would grant the motion for a new trial for the reasons stated above and in the Acquittal Order at pages 1 – 14. As is clear from the Acquittal Order, the evidence preponderates heavily enough against the verdict of conviction of Mr. Gilton that a serious miscarriage of justice may have occurred.

**IT IS SO ORDERED.**

Dated: September 23, 2020

William H. Orrick
United States District Judge