UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BARRY GILTON,<br><br>Defendant. | Case No. 13-cr-00764-WHO-1<br><br>**ORDER CONDITIONALLY GRANTING BARRY GILTON'S MOTION FOR A NEW TRIAL** |

The Ninth Circuit has granted a limited remand so that I can rule on defendant Barry Gilton's motion for a conditional ruling on his motion for a new trial. I previously granted his motion for acquittal in the Order On Barry Gilton and Lupe Mercado's Post-Trial Motions, Dkt. No. 2351 (the "Acquittal Order"), which I incorporate here by reference, but I erred in failing to make a conditional ruling on his motion for a new trial under Fed. R. Crim. P. 29(d)(1). In light of my error, I granted Gilton's request for an indicative ruling under Fed. R. Crim P. 37(a) so that the Ninth Circuit would be able to consider both the acquittal and new trial issues at the same time, and the Ninth Circuit has remanded the case to me for that purpose.

A motion for a new trial may be granted "if the interest of justice so requires." Fed. R. Crim. P. 33(a). "The district court need not view the evidence in the light most favorable to the verdict; it may weigh the evidence and in so doing evaluate for itself the credibility of the witnesses." *United States v. Kellington*, 217 F.3d 1084, 1097 (9th Cir. 2000). The Acquittal Order focused on the lack of sufficiency of the evidence that Gilton was a member of the Central Divisadero Playas (CDP) enterprise. But if the Ninth Circuit disagrees with my analysis of that issue, I also find that a serious miscarriage of justice may have occurred as a result of the jury's verdict because the evidence at trial of Gilton's membership in CDP was so lacking in comparison

1  to the evidence that contradicted it, including Gilton's work in the community and mentorship of
2  young people to encourage them to avoid gang life.  *See* Acquittal Order at 11 – 14.
3         Accordingly, in the event the judgment of acquittal is later vacated or reversed, I
4  conditionally grant the motion for a new trial for the reasons stated above and in the Acquittal
5  Order at pages 1 – 14, and "set aside the verdict, grant a new trial, and submit the issues for
6  determination by another jury."  *United States v. Alston*, 974 F.2d 1206, 1211-12 (9th Cir. 1992).
7         **IT IS SO ORDERED.**
8  Dated: December 14, 2020

William H. Orrick
United States District Judge